**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 18, 2018.**



**In The**

# Fourteenth Court of Appeals

## NOS. 14-17-01002-CR and 14-17-01003-CR

### IN RE RAMON TORRES, Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
208th District Court
Harris County, Texas
Trial Court Cause No. 1541830**

## MEMORANDUM OPINION

On December 12, 2017, relator Ramon Torres filed with this court three documents entitled "Emergency Writ for Exigi Facias and Mandamus", "Writ for Exigi Facias and Mandamus", and "Defendant's Memorandum of Law in Support of Appeal to Dismissal of Writ of Mandamus on Motion to Dismiss Indictment." In

these documents, relator ask this court to issue a writ of mandamus compelling the Honorable Denise Collins, presiding judge of the 208th District Court of Harris County, to: (1) dismiss relator's indictment, and (2) release to relator the evidence requested in relator's Motion for Discovery of Evidence, that he allegedly filed with the trial court on November 11, 2017. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52.

"A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *see also In re Le*, 335 S.W.3d 808, 814–15 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Relator has the burden to include a record sufficient to prove a right to relief, including any motions filed that indicate the trial court was apprised of his motions and did not rule in a reasonable time. *See* Tex. R. App. P. 52.3(k), 52.7(a); *In re Ussery*, No. 01-17-00477-CR, 2017 WL 4820173, at *1 (Tex. App.—Houston [1st Dist.] Oct. 26, 2017, orig. proceeding) (mem. op). "Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). The trial court is not required to consider a motion that has not been called to its attention by proper means. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding). The record must show both that the motion was filed and the trial court has not ruled on the motion within a reasonable time after being requested to do so. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

2

Relator is not entitled to mandamus relief because he has not provided a record showing that he requested the trial court to grant the relief he seeks in the documents that he has filed with this court, and that the trial court refused such relief. Relator has not provided this court with any mandamus record, much less one that shows that he filed his alleged Motion for Discovery of Evidence and requested the trial court to rule on that motion.

Additionally, in previous mandamus proceedings filed with this court, relator has indicated that he is represented by counsel in this matter.[1] Because relator is represented by counsel below, his pro se mandamus petitions present nothing for this court's review because a criminal defendant is not entitled to hybrid representation. *See Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007)*; Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means that a relator's pro se mandamus petition should be treated as presenting nothing for this court's review. *See Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding).

For these reasons, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] *See In re Torres*, No. 14-17-00968-CR, 2017 WL 6552102, at *1 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, orig. proceeding) (per curiam) (mem. op.) and *In re Torres*, No. 14-17-00940-CR, 2017 WL 6329659, at *1 (Tex. App.—Houston [14th Dist.] Dec. 12, 2017, orig. proceeding) (per curiam) (mem. op.).