**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 31, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00757-CR

---

### IN RE WILLIAM SOLOMON LEWIS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 2059197**

---

## MEMORANDUM OPINION

On August 28, 2018, relator William Solomon Lewis filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the

Honorable Bill Harmon, presiding judge of the County Civil Court at Law No. 2 of Harris County, to rule on the merits of relator's application for writ of habeas corpus.

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) the relator seeks to compel a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it when brought to the court's attention, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To be entitled to mandamus relief for a trial court's failure to rule on a motion, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding)."Filing a document with the district clerk does not mean the trial court is aware of it; nor is the clerk's knowledge imputed to the trial court." *In re Querishi*, No. 14-11-00294-CV, 2011 WL 1365002, at *1 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, orig. proceeding) (per

2

curiam) (mem. op., not designated for publication) (citing *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)).

The only record that relator has provided is a copy of this court's opinion in *Ex parte Lewis*, No. 14-16-00629-CR, 2017 WL 6559647 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, pet. ref'd), in which our court dismissed relator's appeal of the trial court's June 24, 2016 order denying his application for a writ of habeas corpus for lack of jurisdiction because the record did not show that the trial court has ruled on the merits of his habeas application.

Relator is not entitled to mandamus relief because he has not provided our court with a record showing that he requested a hearing or requested the trial court to rule on merits of his habeas application after we issued our opinion dismissing relator's appeal in *Ex parte Lewis*. "Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).

Additionally, *Ex parte Lewis* states that the trial court granted appellant's request for counsel in January 2016. 2017 WL 6559647 at *1. Because the opinion in the record provided by relator indicates that he is represented by counsel below, his pro se mandamus petition presents nothing for this court's review because a criminal defendant is not entitled to hybrid representation. *See Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007)*; Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means that a relator's pro se mandamus petition should be treated as presenting nothing for this

3

court's review. *See Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding).

For these reasons, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Donovan, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

4