**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 18, 2018.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-18-00854-CR**

---

**IN RE JOVANY J. PAREDES, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1241896**

---

## MEMORANDUM OPINION

On October 2, 2018, relator Jovany J. Paredes filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the presiding judge of the 337th District Court of Harris County, to rule on four motions of relator that were allegedly received by Chris Daniel, the Harris County District Clerk on August 16, 2018.

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) the relator seeks to compel a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it when brought to the court's attention, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding).[1]

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

To be entitled to mandamus relief for a trial court's failure to rule on a motion, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston

---

[1] Many factors determine whether a trial court has ruled within a reasonable time. Among these are "the trial court's actual knowledge of the motion, whether its refusal to act is overt, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). The trial court's inherent power to control its own docket must also be given due consideration. *Id*. at 228.

[14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). To establish that the motion was filed, relator must provide either a file stamped copy of the motion or other proof that the motion was mailed to the clerk at a proper address with proper postage. *See In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.). Moreover, merely "[f]iling a document with the district clerk does not mean the trial court is aware of it; nor is the clerk's knowledge imputed to the trial court." *In re Querishi*, No. 14-11-00294-CV, 2011 WL 1365002, at *1 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, orig. proceeding) (per curiam) (mem. op., not designated for publication) (citing *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)). "Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).

Attached to relator's petition are copies of the four motions at issue but none of these motions bear a file stamp indicating that they were filed or received by the district clerk. Also attached to the petition is a return receipt indicating an article addressed to district clerk Chris Daniel was received by Arthur Simpson on August 16, 2018. The receipt, however, does not identify the article that was received. Additionally, relator has not provided any evidence establishing that the motions at issue were brought to the trial court's attention for hearing or ruling. Thus, relator has not provided this court with a record showing that the four motions were both

3

filed and brought to the attention of the trial court for a ruling. Accordingly, we deny relator's petition for writ of mandamus.[2]


PER CURIAM

Panel consists of Justices Donovan, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Relator also filed a motion for leave to file his application for a writ of mandamus. The Texas Rules of Appellate Procedure do not require the filing of such a motion. Accordingly, this motion is denied as moot.