**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 13, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-01045-CR

---

### IN RE ALEXI HINOJOSA MATOS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1356238**

---

## MEMORANDUM OPINION

On December 5, 2018, relator Alexi Hinojosa Matos filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Marc Carter, presiding judge of the 228th District Court of Harris County,

to rule on a motion for a judgment nunc pro tunc he claims to have filed with the trial court on August 27, 2018.

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

"A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act." *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding) (per curiam).[1] To be entitled to such relief, "[a] relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id*. The record must show that the motion was both filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

To establish that the motion was filed, relator must provide either a file stamped copy of the motion or proof that the motion was mailed to the clerk at a proper address with proper postage. *See In re Bishop*, No. 14-06-00636-CV, 2006

---

[1] Even after a trial court's plenary power has expired, a trial court has authority and a duty to rule on a properly filed motion for judgment nunc pro tunc motion seeking jail time credit as provided for by Article 42.03 of the Texas Code of Criminal Procedure. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).

WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.). Moreover, merely "[f]iling a document with the district clerk does not mean the trial court is aware of it; nor is the clerk's knowledge imputed to the trial court." *In re Querishi*, No. 14-11-00294-CV, 2011 WL 1365002, at *1 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, orig. proceeding) (per curiam) (mem. op., not designated for publication) (citing *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)). "Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).

Relator has attached to his petition a document entitled "Motion Nunc Pro Tunc." However, this document is not filed stamped. Relator has not provided this court a record that shows that this motion was filed and brought to the attention of the trial court for a ruling. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).