**IN RE Leslie Ray FOSTER, Relator**

**NO. 14-16-00797-CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed October 20, 2016

Leslie Ray Foster, Galveston, TX, for Relator

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.

## OPINION

PER CURIAM

Relator Leslie Ray Foster has filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West

2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Kerry Neves, presiding judge of the 10th District Court of Galveston County, to hold a hearing on an application for writ of habeas corpus seeking personal bond under article 17.151 of the Texas Code of Criminal Procedure or a bond reduction (habeas application) that relator allegedly filed on September 11, 2016.

 A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or a ruling on the motion has been requested. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992) (orig. proceeding). The trial court has a legal duty to rule on all motions on which a ruling has been sought within a reasonable time, considering all the surrounding circumstances. *See id.* It is not enough that the motion is on file; the relator must show that the trial court has not ruled on the motion within a reasonable time after a ruling was requested. *See In re Layton*, 257 S.W.3d 794, 795 (Tex. App.–Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). And, as the party seeking relief, the relator has the burden of providing this court with a sufficient record to establish the relator's right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

 Relator has not provided this court with a certified or sworn copy of the habeas application or a record that shows the habeas application was filed and brought to the trial court's attention. Thus, relator has not provided a record sufficient to show that he is entitled to mandamus relief.

Further, Texas Rule of Appellate Procedure 52.3(j) provides that "[t]he person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." *See* Tex. R. App. P. 52.3(j). Relator's petition does not contain this certification.

 That relator is an inmate acting pro se does not relieve him from the duty to comply with the rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978). "Pro se litigants must comply with the applicable procedural rules, and we hold them to the same standards that apply to licensed attorneys." *Williams v. Bayview–Realty Associates*, 420 S.W.3d 358, 362 n.2 (Tex. App.–Houston [14th Dist.] 2014, no pet.).

For these reasons, we deny relator's petition for writ of mandamus. We also deny as moot relator's motion to proceed in forma pauperis because this court does not charge inmates fees or costs.