**Petition for Writ of Mandamus Denied and Opinion filed November 22, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00860-CR

### IN RE LESLIE RAY FOSTER, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 16-CR-1600**

## MEMORANDUM OPINION

On October 31, 2016, relator Leslie Ray Foster filed a pro se petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Kerry Neves, presiding judge of the 10th District Court of Galveston

County to rule on his pro se application for writ of habeas corpus dated July 18, 2016.

Relator states in his petition that he was arrested for the offense of organized criminal activity and that an attorney has been assigned to represent him. A criminal defendant is not entitled to hybrid representation. *Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State,* 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means that a relator's pro se mandamus petition should be treated as presenting nothing for this court's review. *See Gray v. Shipley,* 877 S.W.2d 806 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding); *In re Bogus*, 14-16-00129-CR, 2016 WL 1165807, at *1 (Tex. App.—Houston [14th Dist.] Mar. 24, 2016, orig. proceeding) (per curiam) (mem. op.) (denying pro se petition for writ of mandamus because relator is represented by counsel). Because relator is represented by counsel, relator's pro se petition presents nothing for review.

Additionally, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To be entitled to relief, the record must show that the habeas application was filed and brought to the attention of the trial court. *See In re Foster,* 14-16-00797-CR, 2016 WL 6134438, at *1, __ S.W.3d __ (Tex. App.—

Houston [14th Dist.] Oct. 20, 2016, orig. proceeding). The record provided by relator does not meet these requirements.

For these reasons, we deny relator's petition for writ of mandamus.

Relator also has filed a motion to proceed in forma pauperis. Because this court does not charge inmates fees or costs, we deny the motion as moot.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).

3