**Petition for Writ Mandamus Dismissed in Part and Denied in Part and Opinion filed November 29, 2016.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-16-00937-CV**

---

**IN RE JASON CALLICOTTE, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-01966J**

---

## MEMORANDUM OPINION

On November 18, 2016, relator Jason Callicotte filed two petitions for writ of mandamus in this court, both of which we will address in this opinion. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52.

## First Petition

In his first petition, relator asks our court to compel the Harris County District Clerk, Chris Daniel, to enter of record and provide relator certified copies of docket sheets and all motions, responses and orders filed in cause no. 201601966J in the 313th Juvenile Court, Harris County, in which relator's parental rights are being challenged.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. The district clerk is not a district court or county court judge in this court's district, and relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this court's appellate jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the district clerk. *See In re Gonzalez*, No. 14-16-00203-CR, 2016 WL 1237824, at *2 (Tex. App.—Houston [14th Dist.] Mar. 29, 2016); *In re Simpson*, 997 S.W.2d 939 (Tex. App.—Waco 1999, orig. proceeding) ("The Government Code does not confer mandamus jurisdiction over District Clerks upon the courts of appeals.").

Accordingly, we dismiss relator's first petition for writ of mandamus for want of jurisdiction.

**Second Petition**

In his second petition, relator asks our court to compel the Honorable Glen Devlin of the 313th Juvenile Court of Harris County to rule on all motions filed by relator. Relator has not included in the mandamus record any of the motions that he allegedly filed. Nor does the record show that relator filed these motions and brought them to the attention of the trial court.

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To be entitled to an order compelling the trial court to rule on the motions referenced by relator, the mandamus record must show that the motions were filed and brought to the attention of the trial court. *See In re Foster,* No. 14-16-00797-CR, 2016 WL 6134438, at *1, __ S.W.3d __ (Tex. App.—Houston [14th Dist.] Oct. 20, 2016, orig. proceeding); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). Relator has not included file-stamped copies of the motions in the record. *See In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.) (denying petition because there is no file stamp or other indication the motions were in fact filed and are pending before the trial court).

3

Because the record provided by relator does not meet these requirements, we deny relator's second petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Christopher, Jamison, and Donovan.