**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 24, 2017.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00803-CR

## IN RE JOHN ROBERT GRAY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 481656**

## MEMORANDUM OPINION

Relator John Robert Gray has filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel respondent, the Honorable Brad Hart, presiding judge of the 230th District Court of Harris County, to rule on realtor's "Motion for a Nunc Pro Tunc Order as Required by TDCJ-ID's Time-Credit Section

on 8-23-2017", which has a stamp indicating that the Post-Trial District Clerk of Harris County received the document on September 26, 2017.

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding).

"A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time." *In re Henry*, 525 S.W.3d 381. "The trial court is not required to consider a motion that has not been called to its attention by proper means." *Id*. The record must show both that the motion was filed and the trial court has not ruled on the motion within a reasonable time after being requested to do so. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding.").

2

Relator has not provided our court with a record that shows relator has asked the trial court to rule on the Nunc Pro Tunc Motion. It is not enough that relator's motion contains a stamp showing the clerk's receipt of it. The district clerk's receipt of the motion "does not establish that the motion was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court." *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.–Amarillo 2008, orig. proceeding). Relator has not made the requisite showing.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).