**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 12, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00892-CR

---

### IN RE ROMARCUS DEON MARSHALL, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 833880**

---

## MEMORANDUM OPINION

On November 10, 2017, relator Romarcus Deon Marshall filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County, to rule on three motions (dated 11/17/15, 7/18/17, and 9/15/17) seeking

certain discovery apparently for the purpose of preparing an application for a writ of habeas corpus.

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding.").

"A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time." *In re Henry*, 525 S.W.3d 381. "The trial court is not required to consider a motion that has not been called to its attention by proper means." *Id*. The record must show both that the motion was filed and the trial court has not ruled on the motion within a reasonable time after being requested to do so. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam). Absent proof that the motions were properly filed, and that the

2

trial court has been requested to rule on the motions but refused to do so, relator has not established his right to the extraordinary relief of a writ of mandamus. *See In re Florence*, No. 14–11–00096–CR, 2011 WL 553241, at *1 (Tex. App.—Houston [14th Dist.] Feb. 17, 2011, orig. proceeding) (per curiam) (mem. op.). To establish that the motion was filed, relator must either provide a file stamped copy of the motion or proof that the motion was mailed to the clerk at proper address with proper postage. *See In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.). The district clerk's receipt of a motion "does not establish that the motion was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court." *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.–Amarillo 2008, orig. proceeding). "Filing a document with the district clerk does not mean the trial court is aware of it; nor is the clerk's knowledge imputed to the trial court." *In re Querishi*, No. 14-11-00294-CV, 2011 WL 1365002, at *1 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, orig. proceeding) (per curiam) (mem. op.) (citing *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)).

Relator is not entitled to mandamus relief as to the motion dated 11/17/15 because, although the copy attached to the petition has a stamp indicating that it was filed with the district clerk on November 19, 2015, the record contains no proof that relator has brought this motion to Judge Roll's attention and requested him to rule.[1]

---

[1] Attached as Exhibit C to the petition is a document entitled "Reminder" addressed by relator to the "presiding judge" of the 179th District Court, which references the motions dated 11/19/15 and 7/18//17 and requests the court to sign an order. This document is not sufficient by itself because the record contains

Relator is not entitled to mandamus relief as to the motions dated 7/18/17 and 9/15/17 because the record contains no proof that these motions were received by the court; the copies of these motions attached to the petition are not file-stamped.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

no proof that that it was received by the court or mailed to the correct address with proper postage. *See In re Bishop*, 2006 WL 2434200, at *1.

4