**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 31, 2018.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-18-00411-CR**

---

**IN RE ANTHONY EARL WASHINGTON, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1373285`**

---

## MEMORANDUM OPINION

On May 17, 2018, relator Anthony Earl Washington filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Katherine Cabaniss, presiding judge of the 248th District Court of Harris

County, to rule on a motion for DNA testing that relator allegedly mailed to the court for filing on April 8, 2018.

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To be entitled to mandamus relief for a trial court's failure to rule on a motion, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). To establish that the motion was filed, relator must provide either a file stamped copy of the motion or other proof that the motion was mailed to the clerk at a proper address with proper postage. *See In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex.

App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.).

Relator has not provided this court with any record, much less one that shows that he properly filed a motion for DNA testing and brought it to the attention of the judge for a ruling. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

3