**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 14, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00644-CR

---

### IN RE JUAN MANUEL ORTIZ, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 9422267**

---

## MEMORANDUM OPINION

On July 31, 2018, relator Juan Manuel Ortiz filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the presiding judge of the 185th District Court of Harris County, to  rule on a motion for judgment

nunc pro tunc and for appointment of counsel that relator allegedly filed with the trial court on May 21, 2018.

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) the relator seeks to compel a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it when brought to the court's attention, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). To be entitled to mandamus relief for a trial court's failure to rule on a motion, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). To establish that the motion was filed, relator must provide either a file stamped copy of the motion or other proof that the motion was mailed to the clerk at a proper address with proper

2

postage. *See In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.). Moreover, merely "[f]iling a document with the district clerk does not mean the trial court is aware of it; nor is the clerk's knowledge imputed to the trial court." *In re Querishi*, No. 14-11-00294-CV, 2011 WL 1365002, at *1 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, orig. proceeding) (per curiam) (mem. op., not designated for publication) (citing *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)). "Presenting the motion, along with a request for a hearing, is required to let the court know that the defendant wants the trial court to act on the motion and whether the defendant would like a hearing on the motion." *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).

Relator has not provided this court with any record, much less one sufficient to establish his right to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Boyce, Christopher, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).

3