**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 31, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00059-CV**

---

**IN RE TROY WIGLEY, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**434th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-DCV-244689**

---

## MEMORANDUM OPINION

On January 22, 2019, relator Troy Wigley filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable James H. Shoemake, presiding judge of the 434th District Court of Fort Bend County, to rule on a "Motion for an Evidentiary Hearing and Notice of Suit", "Motion to Compel Defendants To Answer", "Motion for Appointment of Counsel", "Motion for Leave to Amend and Supplemental Complaint", and "Motion to Recuse Judge", which relator alleges he filed with the trial court. Relator has not included these motions in the record and does not state when they were filed.

"A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or a ruling on the motion has been requested." *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

To be entitled to mandamus relief for a trial judge's failure to rule on a motion within a reasonable time, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Wigley*, No. 14-17-00102-CV, 2017 WL 642109, at *1 (Tex. App.—Houston [14th Dist.] Feb. 16, 2017, orig. proceeding) (per curiam) (mem. op.); *In re Foster*, 503 S.W.3d at 607.

To establish that the motion was filed, relator must provide either a file-stamped copy of the motion or other proof that the motion was mailed to the clerk at a proper address with proper postage. *See In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.).[1]

---

[1] *See also In re Edwards*, No. 04-14-00463-CV, 2014 WL 3612679, at *1 (Tex. App.—San Antonio July 23, 2014, orig. proceeding) (mem. op.) (denying petition to compel ruling on motion because relator "has not provided this court with a file stamped copy of the motion or any other documents to show that a properly filed motion is currently pending before the court and has been properly brought to the court's attention"); *In re Bustillo*, No. 03-13-00090-CV, 2013 WL 1570941, at *1 (Tex. App.—Austin Apr. 11, 2013, orig. proceeding) (mem. op.) (denying petition to compel ruling on motion because relator "has not provided this Court with a file-stamped copy of his motion or any other document showing that his motion

2

Relator is not entitled to mandamus relief because he has not provided a record showing that the alleged "Motion for an Evidentiary Hearing and Notice of Suit", "Motion to Compel Defendants To Answer", "Motion for Appointment of Counsel", "Motion for Leave to Amend and Supplemental Complaint", and "Motion to Recuse Judge" have been filed.[2] The record does not include file-stamped copies of these motions or any other proof that the motions were mailed and received by the trial court.

Further, Texas Rule of Appellate Procedure 52.3(j) provides that "[t]he person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." *See* Tex. R. App. P. 52.3(j). Relator's petition does not contain this certification. Relator's petition states only that the "above and foregoing is true and correct."

For these reasons, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Hassan, and Poissant.

---

has been properly filed. Without this record, we cannot determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge."); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (denying petition to compel ruling on motions because relator failed to provide a record showing that the alleged motions had been filed).

[2] *See In re Callicotte,* No.14-16-00937-CV, 2016 WL 6990037 (Tex. App.—Houston [14th Dist.] Nov. 29, 2016, orig. proceeding) (per curiam) (mem. op.) (denying petition to compel ruling on motions because relator has not included file-stamped copies of the motions in the record); *In re Bishop*, 2006 WL 2434200, at *1 (denying petition to compel ruling on motions because there was no file stamp or other indication the motions were, in fact, filed and are pending before the trial court).