**Petition for Writ of Mandamus Denied and Majority and Concurring Opinions filed May 9, 2019.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-18-01116-CR

---

### IN RE THERMON JAMES FLANIGAN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 716513**

---

## CONCURRING OPINION

While I concur in the denial of relator's petition for a writ of mandamus, I write separately because the court does not address the real issue underlying this original proceeding: What is the minimum evidentiary threshold that a relator must meet in an original proceeding to justify the appellate court either (1) requesting a response or (2) granting the requested relief after requesting a response? *See* Tex. R.

App. P. 52.3(g), (j), (k)(1)(A)[1]; *see also* Tex. Gov't Code Ann. § 22.221(b) (Supp.) (writ power of court of appeals). In this mandamus action, relator has not met his burden of coming forward with any evidence.

Relator Thomas James Flanigan is an inmate at the Texas Department of Criminal Justice's Allan B. Polunsky Unit. He filed a petition for a writ of mandamus in which he requests that this court compel the respondent, Honorable Hazel B. Jones, presiding judge of the 174th District Court of Harris County, to "examine the results of alleged D.N.A. testing, hold a hearing, and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." *See* Tex. Code Crim. Proc. Ann. arts. 64.01–.05 (proceedings in motion for forensic DNA testing).

Relator suggests that he once had appointed counsel for DNA testing:

> Upon notice from court appointed attorney that a motion to be removed from court appointed duties with respect to D.N.A. testing . . . , relator sent his motion for objection (sent on 3-26-18) of court appointed attorney being released from appointment to Harris County District Clerk Chris Daniel to be directed to the 174th District Court.

---

[1] The subdivision of Texas Rule of Appellate Procedure 10 "Motions in the Appellate Court," Rule 10.4 "Power of Panel or Single Justice or Judge to Entertain Motions" applies to Rule 52 "Original Proceedings." Under the current Texas Rules of Appellate Procedure, a relator filing a petition for a writ of mandamus need not verify the petition, but must instead certify that every factual statement in the petition is supported by competent evidence included in the appendix or record. *Compare* Tex. R. App. P. 121(a)(2)(F), 49 Tex. B.J. 585 (Tex. & Tex. Crim. App. 1986, amended 1997), *with* Tex. R. App. P. 52.3(j). This change in the original proceedings rule may preclude a non-attorney from using Texas Rule of Appellate Procedure 10.2 to verify statements in a Rule 52 petition as competent evidence.

Relator states that he sent "a request for notification of any hearing that was held to be held [sic] to the 174th District Court Clerk (October - 2018)."

Relator claims that he "is not receiving any response as to any motions filed with court" and that he "do[es] not have the where-withawl [sic] to compel the 174th District Court to respond to any motions." Finally, relator states that he "was not notified that a motion for D.N.A. testing has been granted[,] . . . was not notified that a court[-]appointed attorney had been assigned[,] . . . [and] [t]here is no formal legal correspondence coming from the 174th District Court."

Relator has not filed a record, and the rules require that he file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." *See* Tex. R. App. P. 52.7(a)(1); *see also In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (per curiam) (citing *Walker v. Packer*, 827 S.W.3d 833, 837 (Tex. 1992), and Tex. R. App. P. 52.7(a)(1), and concluding pro se inmate relator did not provide record sufficient to show his entitlement to mandamus relief). He has not expressly stated that he is unable to file the required record. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a), (e) (availability of unsworn declaration and jurat requirement by inmate).[2]

---

[2] I note that the Court of Criminal Appeals has adopted a different mail-box rule for prisoners due to the lack of control prison inmates have over filings as opposed to the various options available to other litigants. *See Campbell v. State*, 320 S.W.3d 338, 343 (Tex. Crim. App. 2010). The court specifically noted that, unlike prison inmates, other litigants can place a document in the United States mail and:

> they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with

Relator has not come forth with any evidence that a motion for forensic DNA testing has been filed. He also has raised the possibility that he is represented by counsel, but again there is no evidence. If in fact he has counsel, then relator is not entitled to hybrid representation. *See Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977) (op. on reh'g); *see also* Tex. Code Crim. Proc. Ann. art. 64.01(c) (authorizing counsel for forensic DNA proceeding). This original proceeding is not about whether relator has met his evidentiary burden to justify this court ordering the respondent trial judge to act on a motion for forensic DNA resting, or even whether relator presented enough evidence to warrant this court requesting a response. *See In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam) ("A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act."); *see also* Tex. Code Crim. Proc. Ann. art. 64.03; Tex. R. App. P. 52.4. Instead, this is an original proceeding in which relator has presented no evidence whatsoever.

/s/    Charles A. Spain
Justice

Panel consists of Justices Wise, Zimmerer, and Spain. (Wise, J., majority)

Publish—Tex. R. App. P. 47.2(b).

---

evidence to demonstrate either excusable neglect or that the notice was not stamped on the day the court received it.

*Id.* (quoting *Houston v. Lack*, 487 U.S. 266, 271 (1988)).