**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 15, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00613-CR**

---

**IN RE THORNTON RAY PROPHET, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 262195**

---

## MEMORANDUM OPINION

On August 7, 2019, relator Thornton  Ray Prophet filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Nikita

V. Harmon, presiding judge of the 176th District Court of Harris County, to consider and rule on relator's "Motion for Nunc Pro Tunc" (the "Motion").

Relator's petition alleges that his Motion was filed with the district clerk on May 20, 2019, and the trial court has not yet ruled. Relator, however, has not provided a record substantiating these allegations.

To be entitled to mandamus relief, relator must show that (1) relator has no adequate remedy at law for obtaining the relief the relator seeks and (2) what relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) "A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act." *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding) (per curiam). However, to be entitled to such relief, a relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id*.

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. *See Lizcano v. Chatham,* 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

For mandamus relief to be granted, the record must show that the motion was filed and brought to the attention of the judge for a ruling, and the judge has not ruled on the motion within a reasonable time after being requested to do so. *See In re Foster,* 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *In re Flanigan*, No. 14-18-01116-CR, __S.W.3d __, 2019 WL 2062801, at *1 (Tex. App.—Houston [14th Dist.] May 9, 2019, orig. proceeding). "To establish that the motion was filed, relator must provide either a file stamped copy of the motion or other proof that the motion was in fact filed and is pending before the trial court." *Id*. Moreover, "merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court." *In re Amaro*, No. 14-14-00340-CV, 2014 WL 2157088, at *1–2 (Tex. App.—Houston [14th Dist.] May 20, 2014, orig. proceeding) (per curiam) (mem. op.). *See also In re Villarreal*, 96 S.W.3d 708, 710 n.2 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must provide a record which shows that the judge was aware of and asked to rule on the motion because a judge cannot be faulted for doing nothing when the judge was not aware of the need to act; the clerk's knowledge is not imputed to the judge).

Relator has not provided this court with any record, much less one showing that he filed the Motion, brought the Motion to the attention of the trial court for a ruling, and the trial court failed to rule on the Motion within a reasonable time[1] after

---

[1] Less than three months has passed since May 20, 2019, the date relator alleges he filed his Motion.

being requested to do so. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).