**DENIED and Opinion Filed January 14, 2022**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-01067-CV**

**IN RE ARTHUR L. ROBERTSON-EL, Relator**

**Original Proceeding from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F97-03335-K**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

Arthur L. Robertson-El has filed a petition for writ of mandamus to compel the trial court to submit relator's "premature notices of appeal" and bills of exceptions to the prosecutor, sign the bills of exceptions, and file them with the district clerk. We deny relief.

A petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The certification must state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

In this case, relator has filed an "Inmate Unsworn Declaration" stating "under penalty of perjury that the forgoing is true and correct to the best of my knowledge." Relator's inmate unsworn declaration does not certify that the statements in the petition is supported by competent evidence in the appendix or record. Thus his certification does not meet the requirement of rule 52.3(j). *See id.*

Moreover, relator's petition is not supported by a record. Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet his evidentiary burden, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

Relator's petition is not supported by a record as described in rule 52. The only documents filed with his petition are two certified mail receipts showing he filed documents with the district clerk. There are no copies of the notices of appeal and bills of exceptions he describes in his petition.

Without supporting documentation, relator cannot show this Court he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759; *see also In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.) (to obtain mandamus relief for failure to rule on motion, relator must show (1) trial court had legal duty to rule on motion, (2) relator requested ruling, and (3) trial court failed or refused to rule); *In re Blakeney*, 254 S.W.3d 659, 661–62 (Tex. App.—Texarkana 2008, orig. proceeding) (no mandamus relief absent proof motion was filed, presented to the trial court with a request for a ruling, and trial court given reasonable time to issue ruling).

Finally, even if relator filed a new petition correcting the deficiencies we have identified, he would not be entitled to relief. Our records show relator was convicted of murder and sentenced to ninety years in prison for the offense. This Court affirmed his conviction in 2000. *See Robertson v. State*, No. 05-98-00089-CR, 2000 WL 10297 (Tex. App.—Dallas Jan. 7, 2000, pet. ref'd). Relator's direct appeal has long been adjudicated, and any notices of appeal and bills of exception he seeks to file are moot. *See* TEX. R. APP. P. 26.2(a), 27.1(b), 33.2(c)(2) (describing timing of filing of notices of appeal, prematurely filed notices of appeal, and bills of exception).

After the trial court's plenary jurisdiction expires, it does not retain general jurisdiction over a case. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (plurality op.). The trial court retains limited jurisdiction to address certain matters such as ensuring that a higher court's mandate is carried out, fact finding on habeas

–3–

applications, and determining whether a convicted person is entitled to post-conviction DNA testing. *Id.*

Without a basis to assert jurisdiction over a matter that is now moot, the trial court does not have a ministerial duty to act on relator's bills of exception and thus has not failed to perform a ministerial act. *See, e.g.*, *In re Holland*, No. 05-21-00435-CV, 2021 WL 4189954, at *1 (Tex. App.—Dallas Sept. 15, 2021, orig. proceeding) (mem. op.) (no showing of right to mandamus relief for failure to rule on pending motion where trial court lacks jurisdiction to rule on motion).

Because relator's petition does not comply with the rules of appellate procedure and there is no showing he is entitled to relief, we deny the petition for writ of mandamus.

211067f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE