**DENIED and Opinion Filed January 31, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-21-01068-CV
No. 05-21-01069-CV
No. 05-21-01070-CV

**IN RE ARTHUR HERBERT PHILLIPS, Relator**

**Original Proceedings from the 199th Judicial District Court
Collin County, Texas
Trial Court Cause Nos. 199-80602-89, 199-80603-89 & 199-80604-89**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

Arthur Herbert Phillips has filed a petition for writ of mandamus seeking to nullify the trial court's judgments in these cases on the ground the judgments are void because the trial court should have conducted a competency hearing before accepting his guilty pleas and imposing fifty-year sentences. We deny relief. Included with relator's petition is a partial motion appearing to seek permission to file his petition. Because the motion is unnecessary, we deny it as moot. *See* TEX. R. APP. P. 52.1.

A petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in

the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The certification must state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

In this case, relator has filed an "Inmate's Declaration" stating under penalty of perjury "that according to [his] belief the facts stated in this instrument are true and correct." Relator's declaration does not indicate that the statements in the petition are supported by competent evidence in the appendix or record. Thus his certification does not meet the requirements of rule 52.3(j). *See id.*

Additionally, relator's petition is not accompanied by a sufficient record to support his assertions. Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet his evidentiary burden, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7 requires relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

Relator's petition is supported only by an uncertified, unsworn copy of a single page of medical records and a one-page summary he prepared of his diagnosis and medications from mental health treatment in 1969. Without a sufficient record of documents to support his petition, relator cannot show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759.

Finally, we note that even if relator corrected the deficiencies we have described, he is not entitled to relief. Although filed as a petition for writ of mandamus, relator's petition is a collateral attack on his final felony convictions seeking what should be characterized as article 11.07 habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §1; *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *see also In re Jones*, No. 01-20-00490-CR, 2020 WL 4210489, at *1 (Tex. App.—Houston [1st Dist.] July 23, 2020, orig. proceeding) (mem. op, not designated for publication).

Only the court of criminal appeals may grant article 11.07 relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §§3, 5; *Bd. of Pardons and Paroles ex rel. Keene v. The Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *see also In re Morrison*, No. 05-15-00519-CV, 2015 WL 1910329, at *1 (Tex. App.—Dallas 2015, orig. proceeding) (mem. op.) (court of appeals has no jurisdiction over complaints that should be raised in post-conviction 11.07 writ application).

Because relator's petition is deficient and relator has not shown he is entitled to relief, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Lana Myers//

211068f.p05
211069f.p05
211070f.p05

LANA MYERS
JUSTICE