**Petition for Writ of Mandamus Dismissed and Opinion filed September 1, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00474-CR

---

## IN RE RONALD E. HAWKINS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1180372-A**

---

## MEMORANDUM OPINION

On June 28, 2022, relator, Ronald E. Hawkins, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Kelli Johnson, presiding judge of the 178th District Court of Harris County, to rule on appellant's motion allegedly filed in the trial court on April 21, 2022, entitled

"Defendant's Motion Requesting State to Modify Judgment of Sentence in a New Punishment Hearing."

## Standard of Review and Applicable Law

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). "A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or ruling on the motion has been requested." *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. *See Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); Tex. R. App. P. 52.3(j) 14-06-00635-CV (relator must certify "that every factual statement in the petition is supported by competent evidence included in the appendix or record").

## Analysis

Appellant's petition filed on June 28, 2022, contained neither an appendix nor mandamus record. On July 7, 2022, this court ordered appellant to file an amended petition that complied with Texas Rules of Appellate Procedure

2

52.3(k)(1)(A) and 52.7(a), which specifically dictate that appellant must file with his petition a certified or sworn copy of any documents showing the matter complained of or material to relator's claim for relief. *See* Tex. R. App. P. 52.3(k)(1)(A) ("The appendix must contain: (A) a certified or sworn copy of any order complained of, or any other document showing the matter complained of") (emphasis added); 52.7(a) ("Relator must file with the petition: (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.").

On August 1, 2022, appellant filed an amended petition in which he included an appendix and four sworn copies of documents from appellant's trial court proceeding. Appellant failed to include a copy of his motion captioned "Defendant's Motion Requesting State to Modify Judgment of Sentence in a New Punishment Hearing." Without a copy of the complained of motion, relator has presented no evidence that the motion has been filed. Because relator has not complied with our order and the Rules of Appellate Procedure by failing to include a copy of the complained of motion, we must dismiss his petition.

For this reason, we dismiss relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).

3