# NO. 12-23-00257-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JACKIE DEWAYNE ANDREWS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Jackie Dewayne Andrews, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his motion seeking a subsequent habeas corpus writ.[1]

On October 2, 2023, the Clerk of this Court informed Relator that his petition fails to comply with appellate Rules 52.3(b), (c), and (j) and 52.7. *See* TEX. R. APP. P. 52.3 (form and contents of petition); TEX. R. APP. P. 52.7 (record). The notice warned that the petition would be referred to this Court for dismissal unless Relator provided the record and an amended/supplemental petition on or before October 13. Relator filed a motion for extension of time, which failed to comply with appellate Rule 9.5's service requirements. *See* TEX. R. APP. P. 9.5. The Clerk of this Court notified Relator of this failure and warned that the motion may be overruled if a certificate of service was not filed on or before November 3. Relator did not file a certificate of service or otherwise respond to this Court's notice.

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying

---

[1] Respondent is the Honorable Debra E. Gunter, Judge of the 241st District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). It is a relator's burden to provide this Court with a record sufficient to establish the right to extraordinary relief. *See **In re Daisy***, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to relief. *See **In re McCreary***, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication).

Additionally, "[i]f a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." ***In re Gomez***, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *see also **In re Ramos***, 598 S.W.3d 472, 474 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (judge was aware of motion for judgment nunc pro tunc approximately five months before appellate court opinion; thus, judge did not rule on motion within reasonable time); ***In re Sayyed***, No. 05-20-00195-CV, 2020 WL 6074117, at *3 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op. on reh'g) (at time of October 2020 opinion, respondent had learned of motion on July 1, 2020; thus, reasonable time for ruling had not passed). To obtain a writ of mandamus in this context, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. ***In re Molina***, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). A trial court cannot be expected to consider a motion not called to its attention. *See **In re Chavez***, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It is incumbent upon the relator to establish that the motion has been called to the trial court's attention. *See **id***.

Because Relator failed to provide a record, he cannot show that his motion was brought to Respondent's attention. At best, Relator states that he filed a motion requesting to file a subsequent habeas corpus writ, a motion under the Michael Morton Act, and a motion to appoint counsel on March 3, 2023, and the district clerk dated the motions for March 14. From the documents Relator provides, it appears that the district clerk dated his cover letter for March 14,

2

2023. The online Smith County records reflect that two motions and "inmate mail" were filed on March 14.

A relator's statement that a document was properly filed with the clerk is an insufficient basis from which to reasonably infer that the trial court had notice of that document and the need to act on it. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). Even showing that a motion was filed with clerk does not prove the motion was brought to the trial court's attention or was presented to the trial court with a request for a ruling; a clerk's knowledge is not imputed to the trial court. *Id.*; *Chavez*, 62 S.W.3d at 228. Relator does not demonstrate any steps taken to ensure that the trial court was afforded or had notice of his motion. *See Chavez*, 62 S.W.3d at 228. Under these circumstances, Relator has not established his entitlement to mandamus relief. *See In re Wheeler*, No. 12-18-00127-CR, 2018 WL 2440464, at *1-2 (Tex. App.—Tyler May 31, 2018, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief when relator failed to show that he called motion for DNA testing to respondent's attention); *see also In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam) (denying petition for writ of mandamus asking appellate court to order judge to hold a hearing on habeas application seeking personal bond under Article 17.151; relator provided no certified or sworn copy of the habeas application or a record that showed application was filed and brought to trial court's attention); *In re Lee*, No. 12-13-00332-CR, 2014 WL 4755503, at *1 (Tex. App.—Tyler Sept. 24, 2014, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief where relator failed to establish that motion and habeas application were called to trial court's attention).

Accordingly, we *deny* the petition for writ of mandamus. All pending motions are *overruled as moot*.

Opinion delivered November 15, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 15, 2023**

**NO. 12-23-00257-CR**

**JACKIE DEWAYNE ANDREWS,**
Relator
V.

**HON. JUDGE DEBRA E. GUNTER,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Jackie Dewayne Andrews; who is the relator in appellate cause number 12-23-00257-CR and the defendant in trial court cause number No. 241-81320-99, formerly pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on October 2, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*