# NO. 12-24-00142-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *KIRKLAND LAMAR WARREN,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Kirkland Lamar Warren, acting pro se, filed this original proceeding to challenge Respondent's failure to hold a hearing on his actual innocence claim.[1]  On May 13, 2024, the Clerk of this Court informed Relator that his petition fails to comply with appellate Rules 52.3(a)-(c), (e)-(f) and 52.7.  *See* TEX. R. APP. P. 52.3 (contents of petition); TEX. R. APP. P. 52.7 (record).  The notice warned that the petition would be referred to this Court for dismissal unless Relator provided an amended petition before May 24.  Relator filed a motion for extension to comply, which this Court granted to June 20.  Relator filed a supplemental petition but still failed to comply with Rule 52.7's record requirement.[2]

---

[1] Respondent is the Honorable Austin R. Jackson, Judge of the 114th District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

[2] At best, Relator provides a copy of his petition for actual innocence, filed on November 8, 2023. A trial court cannot be expected to consider a motion not called to its attention.  *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).  That Relator filed his petition is insufficient to demonstrate that he called the petition, and any request for a hearing thereon, to Respondent's attention.  *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (relator's statement that a document was properly filed with the clerk is an insufficient basis from which to reasonably infer that the trial court had notice of that document and the need to act on it); *Chavez*, 62 S.W.3d at 228 (clerk's knowledge is not imputed to the trial court);

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). It is a relator's burden to provide this court with a record sufficient to establish the right to extraordinary relief. *See In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication).

In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to mandamus relief.[3] *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication). Accordingly, we *deny* Relator's mandamus petition.

Opinion delivered June 12, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

*see also In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam) (denying petition for writ of mandamus asking appellate court to order judge to hold a hearing on habeas application seeking personal bond under Article 17.151; relator provided no certified or sworn copy of the habeas application or a record that showed application was filed and brought to trial court's attention); *In re Lee*, No. 12-13-00332-CR, 2014 WL 4755503, at *1 (Tex. App.—Tyler Sept. 24, 2014, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief where relator failed to establish that motion and habeas application were called to trial court's attention).

[3] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *In re Guerrero,* No. 12-21-00100-CR, 2021 WL 3412558, at *1 n.3 (Tex. App.—Tyler Aug. 4, 2021, no pet.) (mem. op., not designated for publication).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 12, 2024**

**NO. 12-24-00142-CR**

**KIRKLAND LAMAR WARREN,**
Relator
V.

**HON. JUDGE AUSTIN R. JACKSON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Kirkland Lamar Warren; who is the relator in appellate cause number 12-24-00142-CR and the defendant in trial court cause number 114-1929-20, formerly pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on May 13, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*