**Petition for Writ of Mandamus Denied and Majority and Concurring Opinions filed May 9, 2019.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-18-01116-CR

### IN RE THERMON JAMES FLANIGAN, Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
174th District Court
Harris County, Texas
Trial Court Cause No. 716513**

## MAJORITY OPINION

On December 27, 2018, relator Thermon James Flanigan filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Hazel B. Jones, presiding judge of the 174th District Court of Harris

County, to examine the results of alleged D.N.A. testing, hold a hearing, make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted, and notify relator of the court's ruling. *See* Tex. Crim. Proc. Code § 64.04.

To be entitled to mandamus relief, a relator must show (1) the relator has no adequate remedy at law for obtaining the relief sought; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding) (per curiam). "A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or a ruling on the motion has been requested." *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish relator's right to mandamus relief. *See Lizcano v. Chatham,* 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); Tex. R. App. P. 52.3(j) (relator must certify "that every factual statement in the petition is supported by competent evidence included in the appendix or record").

2

To be entitled to mandamus relief for a trial judge's failure to rule on a motion within a reasonable time, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Wigley*, No. 14-17-00102-CV, 2017 WL 642109, at *1 (Tex. App.—Houston [14th Dist.] Feb. 16, 2017, orig. proceeding) (per curiam) (mem. op.); *In re Foster*, 503 S.W.3d at 607.

To establish that the motion was filed, relator must provide either a file stamped copy of the motion or other proof that the motion was in fact filed and is pending before the trial court. *See In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.); *In re Henry*, 525 S.W.3d at 382 (denying petition to compel ruling on motion because "[t]he documents attached to relator's petition for writ of mandamus do not reflect a file stamp establishing that they were filed in the trial court."); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (denying petition to compel ruling on motions for DNA testing because relator failed to provide a record showing the alleged motions had been filed).[1]

---

[1] *See also In re Edwards*, No. 04-14-00463-CV, 2014 WL 3612679, at *1 (Tex. App.—San Antonio July 23, 2014, orig. proceeding) (mem. op.) (denying petition to compel ruling on motion because relator "has not provided this court with a file stamped copy of the motion or any other documents to show that a properly filed motion is currently pending before the court and has been properly brought to the court's attention."); *In re Bustillo*, No. 03-13-00090-CV, 2013 WL 1570941, at *1 (Tex. App.—Austin Apr. 11, 2013, orig. proceeding) (mem. op.) (denying petition to compel ruling on motion because relator "has not provided this Court with a file-stamped copy of his motion or any other document showing that his motion has been properly filed. Without this record, we cannot determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge.").

Relator is not entitled to mandamus relief because he has not provided this court with any mandamus record, much less a record showing that (1) he has filed a motion requesting the trial court to hold a hearing and make a finding, as provided for by Article 64.04 of the Code of Criminal Procedure, and (2) the trial court has refused or failed to rule on such a motion within a reasonable time.

Also, relator has raised the possibility that he is represented by counsel, stating "upon notice from court appointed attorney that a motion to be removed from court appointed duties with respect to DNA Testing . . ., relator sent his motion for objection (sent on 3-26-18) of court appointed attorney being released from appointment . . .". If relator has counsel, then he is not entitled to hybrid representation. *See Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means that a relator's pro se mandamus petition should be treated as presenting nothing for this court's review. *See Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). Relator has not provided a record showing that he is no longer represented by counsel.

For these reasons, we deny relator's petition for writ of mandamus.


/s/     Ken Wise
          Justice

Panel consists of Justices Wise, Zimmerer, and Spain. (Spain, J., concurring)

Publish—Tex. R. App. P. 47.2(b).

4