**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 17, 2019.**



In The

# Fourteenth Court of Appeals

NO. 14-19-00690-CV

## IN RE LOYD LANDON SORROW, SR., Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-30299**

## MEMORANDUM OPINION

On September 6, 2019, relator Loyd Landon Sorrow, Sr. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Steven Kirkland, presiding judge of the 334th District Court of Harris

County, to rule on: (1) a petition for declaratory judgment against the State of Texas and Harris County Attorney Vince Ryan, which relator alleges he filed on April 18, 2017, and (2) a motion for default judgment, which relator alleges he filed on February 21, 2019.

There are generally three prerequisites for the issuance of a writ of mandamus: (1) the lower court must have a legal duty to perform a nondiscretionary act; (2) the relator must make a demand for performance; and (3) the subject court must refuse that request. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act.[1] A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381 (Tex. App.–Houston [14th Dist.] 2017, orig. proceeding). A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or a ruling on the motion has been requested. *In re Foster,* 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). The record must show that the motion was filed and brought to the attention of the judge for a ruling, and the judge has not ruled on the motion within a reasonable time after being requested to do so. *See In re Foster*, 503 S.W.3d at 607; *In re Flanigan*, No. 14-18-

---

[1] *See Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157 (Tex. 1992) (mandamus conditionally issued to compel trial court to conduct a hearing); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992) (orig. proceeding); *In re Bishop,* No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.).

2

01116-CR, __S.W.3d __, 2019 WL 2062801, at *1 (Tex. App.—Houston [14th Dist.] May 9, 2019, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); Tex. R. App. P. 52.3(j) (relator must certify "that every factual statement in the petition is supported by competent evidence included in the appendix or record").

Relator is not entitled to mandamus relief because he has not provided our court with any mandamus record, much less a record showing that he has filed and served the alleged petition for declaratory judgment and the alleged motion for default judgment, brought them to the attention of the trial judge for a ruling, and the trial judge has refused or failed to rule within a reasonable time. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Hassan.

3