

# NUMBER 13-21-00234-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE STEVEN PEREZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Longoria[1]

Steven Perez, proceeding pro se, filed a petition for writ of mandamus through which he asserts that the trial court has failed to comply with its ministerial duty to consider and rule on a pending motion for post-trial discovery under the Michael Morton Act. *See* Tex. Code Crim. Proc. Ann. art. 39.14. Perez was convicted of murder, and this Court upheld his conviction on direct appeal. *See Perez v.* State, No. 13-08-296-CR, 2009 WL 1607811, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 26, 2009, pet. ref'd) (mem. op.,

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

not designated for publication).[2] Perez contends that the State wrongfully withheld the mental health records of his codefendant, and he has now properly requested the trial court to consider and issue a ruling on his request for the production of these records. In support of his petition, relator has provided us with file-stamped copies of "Defendant's Motion for Hearing under the Michael Morton Act," filed on January 19, 2021, and "Defendant's Request for Ruling on his Motion for Hearing under the Michael Morton Act," filed on April 6, 2021.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied *State ex rel. Young v. Sixth Judicial Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987)

---

[2] In addition to the direct appeal of his conviction, relator has filed additional appeals and original proceedings in this Court. *See Perez v. State*, No. 13-16-00517-CR, 2016 WL 6520184, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 3, 2016, pet. ref'd) (mem. op., not designated for publication) (per curiam) (dismissing appeal for want of jurisdiction); *In re Perez*, Nos. 13-16-00593-CR & 13-16-00594-CR, 2016 WL 6519109, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 2, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denying relator's petition for writ of mandamus seeking orders of acquittal); *Perez v. State*, No. 13-16-00297-CR, 2016 WL 3548664, at *1 (Tex. App.—Corpus Christi–Edinburg June 23, 2016, pet. ref'd) (mem. op., not designated for publication) (per curiam) (dismissing appeal for want of jurisdiction); *In re Perez*, Nos. 13-10-00211-CR & 13-10-00212-CR, 2010 WL 1509576, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 13, 2010, orig. proceeding) (mem. op., not designated for publication) (per curiam) (denying relator's petition for writ of mandamus seeking release from "illegal confinement").

(orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed; (2) the relator requested a ruling on the motion; and (3) the trial court failed or refused to rule within a reasonable period of time. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Merely filing a document with the district clerk does not indicate that the trial court is aware of it, and we do not impute the clerk's knowledge of the filing to the trial court. *See In re Hearn*, 137 S.W.3d at 685*; In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R.

APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also In re Blakeney*, 254 S.W.3d at 661.

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that relator has not established his entitlement to the relief sought. The record before the Court fails to establish that the trial court received the motion, was aware of the request to rule, yet refused to rule within a reasonable period of time. *See In re Blakeney*, 254 S.W.3d at 661; *In re Hearn*, 137 S.W.3d at 685*; In re Chavez*, 62 S.W.3d at 228. Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
2nd day of August, 2021.

4